## BLAND v. HERSHEY.

### No. 5127.

Court of Appeals of District of Columbia.

June 1, 1931.

D. Edward Clarke and S. H. Feldman, both of Washington, D. C., for plaintiff in error.

J. William Shea and Madison L. Hill, both of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

John M. Bland, the plaintiff in error, was plaintiff in the municipal court. In his declaration he claimed damages from Oscar E. Hershey, defendant therein, for property loss and personal injuries sustained in an automobile collision caused as alleged by the negligent operation of an automobile by defendant.

It appears from the bill of exceptions that the plaintiff as the only witness at the trial testified that he was operating his automobile at the time of the collision, and was driving in a northerly direction along Third street, S. W., that upon arriving at the intersection of Third street and Maryland avenue he slowed up, and then and there saw the defendant's automobile some distance up Maryland avenue coming in the direction of Third street from his right; that defendant's automobile when plaintiff saw it was 130 yards distant up Maryland avenue; that plaintiff proceeded across the street intersection, and after crossing the same, and when the front wheels of his automobile were at a distance of about 3 feet from the north curb of Mary-

land avenue, defendant's automobile collided with plaintiff's, striking it about the right rear door, knocking it a distance of 40 feet over and upon the northeast curb of Third street and Maryland avenue on the Third street side, to his damage in the sum of $197.-90. Plaintiff testified that his car was under control at the time of the accident, and could have been stopped at any time, also that his right front fender was damaged with other parts of his automobile.

Paragraph "e" of section 2, article II, of the Traffic Regulations in force in the District of Columbia, was read in evidence, as follows: "A vehicle approaching a street intersection shall slow down and be kept under such control as to avoid colliding with pedestrians or vehicles. Operators of vehicles approaching a street intersection shall give right of way to vehicles approaching from their right; provided, that a vehicle making a right or left hand turn shall give the right of way to through traffic."

Thereupon the court, sitting without a jury, ruled "as a matter of law and fact" that plaintiff was guilty of contributory negligence and could not recover, and judgment was entered for defendant with costs.

In our opinion the testimony of the plaintiff does not disclose contributory negligence either in law or fact. According to his statement he approached the street intersection carefully and looked to the right to see if any car was approaching from that direction. He saw defendant's car coming toward the intersection, but at such a distance as to give plaintiff sufficient time to cross in safety if the defendant exercised reasonable care in operating his car. The defendant, however, according to plaintiff's testimony, drove his car toward the crossing at an unreasonable and reckless rate of speed and thereby caused the collision.

Assuming these statements to be true, it would follow that defendant was guilty of negligence, but not that plaintiff was guilty of contributory negligence.

A traffic regulation giving the right of way to the automobile approaching from the right is relative and not absolute in character, and must be applied according to the circumstances of the case. The operators of all automobiles upon the city streets must at all times exercise reasonable care to avoid injury to others. The exercise of such care at street crossings is glaringly important. This applies with equal force to the operator approaching from the right, notwithstanding

that he is given the right of way at the street crossing. The driver on the left when arriving at a crossing must look to the right to see whether any approaching car is near enough to prevent him from safely proceeding across. In most parts of the city it is practically certain that some such approaching cars will be in sight, but if none is near enough, if properly operated, to make it unsafe for the left hand car to cross, it may rightfully do so. If a collision then results because of the reckless and negligent driving of the right-hand operator, the latter is liable and cannot defend upon the ground of contributory negligence.

"While it was incumbent upon the plaintiff to respect the rule giving the right of way, at street intersections, to vehicles approaching from the right (Code, art. 56, § 209), yet if the way for a safe distance was clear of traffic coming from that direction, he should not judicially be declared negligent in not providing against the possibility of collision with a car which could not come into dangerous proximity to his own, unless it were unlawfully operated." Urner, J., in Taxicab Co. v. Ottenritter, 151 Md. 525, 531, 135 A. 587, 589.

"This right of way is not absolute. The statute is a road regulation and not an inflexible standard by which to decide questions which arise over collisions at intersections of roads. The law does not confer the right of way without reference to the distance of the vehicles from the intersecting point, their speed, and respective duties. Precedence is not given under all circumstances to a vehicle on the right against a vehicle from the left. No driver, and especially no driver of an automobile, has leave to approach an intersection without using reasonable watchfulness and caution to have his vehicle under control. When approaching a highway crossing, as elsewhere on the public ways, eternal vigilance is essential to the practical matter of driving automobiles." Dunn, J., in Fitts v. Marquis, 127 Me. 75, 77, 140 A. 909.

"Provision of a city ordinance that vehicles on main thoroughfares going in a general east and west direction shall have the right of way, as applied to automobiles, means only that, when two cars are approaching a street intersection, one on the main thoroughfare and the other on a crossing street, the latter shall give way to the other; but if there is no car on the main thoroughfare when one approaches it on an intersecting street, suf-

ficiently near to demand this right of way, such provision has no application. It does not authorize reckless or careless driving on the main thoroughfares, without regard to the safety of crossing cars, and the driver of a car on an intersecting street has a right to assume that cars on the main thoroughfare will be operated in a lawful manner, at lawful speed, and with due care." Bramley v. Dilworth (C. C. A. 6th Cir.) 274 F. 267.

Mark v. Fritsch, 195 N. Y. 282, 88 N. E. 380, 22 L. R. A. (N. S.) 632, 133 Am. St. Rep. 800; Primock v. Goldenberg, 161 Minn. 160, 200 N. W. 920, 37 A. L. R. 484; Estabrook v. Main, 110 Conn. 271, 147 A. 822; Ray v. Brannan, 196 Ala. 113, 72 So. 16; Paulsen v. Klinge, 92 N. J. Law, 99, 104 A. 95; Salmon v. Wilson, 227 Ill. App. 286, 288.

The judgment of the municipal court is reversed, with costs, and the cause is remanded for further proceedings not inconsistent herewith.