## TOWLES to Use of PLYMOUTH INS. CO. v. ARCADE-SUNSHINE CO., INC.

### No. 83.

Municipal Court of Appeals for the District of Columbia.

July 13, 1943.

---

[1] Code 1940, 45—820.

[2] Code 1940, 45—1601 et seq.

[3] Code 1940, 45—904; Boss v. Hagan, 49 App.D.C. 106, 261 F. 254, 8 A.L.R. 1508.

Samuel Barker, of Washington, D. C., (William R. Lichtenberg, of Washington, D. C., on the brief) for appellant.

George Q. Coffelt, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

HOOD, Associate Judge.

Appellant appeals from an adverse judgment in an action by him for damages to his automobile resulting from a collision with the delivery truck of appellee at the intersection of 11th and Q Streets, Northwest.

Appellant was driving east on Q Street, a one-way street, and the truck was going south on 11th Street. There is a stop sign on Q Street 27 feet west of the intersection and appellant stopped and then proceeded to the intersection. A Capital Transit bus proceeding south on 11th Street had stopped some five feet back from the north curb line of Q Street and nine or ten feet east of the 11th Street curb line; and an automobile was parked on the same side of 11th Street about thirty-four feet north of the intersection.

The driver of the bus motioned to appellant to proceed into the intersection and appellant drove forward. The bus driver then observed appellee's truck approaching at a rapid rate of speed and attempted to warn the driver of the truck by waving his hand out the bus window and likewise attempted to warn appellant by blowing the bus horn. These warnings were of no avail. The truck continued at its rapid speed and with its horn blowing. Appellant continued into the intersection in front of and beyond the bus. A collision resulted at a point about twenty-four feet east of the west curb of 11th Street and nineteen feet south of the north curb of Q Street.

The trial judge found that the operator of appellee's truck was guilty of negligence but denied appellant a recovery, holding that he was guilty of contributory negligence.

Appellant contends that the trial court erred in ruling that plaintiff violated Section 28(b) of the Traffic Regulations, after ruling that defendant had violated the same regulation; and that the trial court erred in concluding that plaintiff did not exercise due care in proceeding beyond the stopped bus, after ruling that he did exercise due care in proceeding into the intersection.

We see no legal inconsistency in these findings. In Raaen v. Southern Hotel Supply Co., Inc., 31 A.2d 659, we held that Section 28(b) of the Traffic Regulations does not create an absolute right of way; and in Herndon v. Higdon, 31 A.2d 854, we said that one having the right of way is not absolved of the duty of exercising reasonable care in entering an intersection. If appellant entered the intersection in full compliance with the regulation, he was still bound to use reasonable care in proceeding across the intersection. Mere compliance with traffic regulations is no answer to a charge of negligence; because, aside from such regulations, the driver of an automobile must at all times exercise reasonable care.[1] The degree of care required in order to be reasonable depends upon the particular circumstances of each case.[2]

[1] Bland v. Hershey, 60 App.D.C. 226, 50 F.2d 991; Paxson v. Davis, 62 App.D.C. 146, 65 F.2d 492.

[2] Terminal Taxicab Co. v. Blum, 54 App. D.C. 357, 298 F. 679.

The trial court found that appellant stopped at the stop sign and then proceeded slowly into the intersection when waved on by the bus driver. Having entered the intersection, appellant's view north on 11th Street was shut off by the bus. He knew other cars might be coming south on 11th Street and, with the bus obstructing his view as well as concealing him from the view of southbound traffic, it was his duty to use extreme care in driving into the lane of traffic. Whether he used the care required under those circumstances was a question for the trial judge who acted as both judge and jury. In McWilliams v. Shepard, 75 U.S.App.D.C. 334, 127 F.2d 18, 19, the court said "if fair minded men may honestly draw different conclusions as to the existence or non-existence of the negligence charged, the question is not one of law for the court but of fact for the jury."

The memorandum of the trial judge discloses a careful consideration by him of the evidence and the law. As is usual in cases of this kind there was conflicting evidence as to time, speed and distance. Study of the record convinces us that, while the case is a close one, there was substantial evidence to support the trial judge's findings.

Affirmed.