**COLEMAN v. CHUDNOW.**

No. 158.

Municipal Court of Appeals for the
District of Columbia.

Feb. 4, 1944.

James F. Bird, of Washington, D. C. (H. G. Warburton, of Washington, D. C., on the brief), for appellant.

Charles C. Collins, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

HOOD, Associate Judge.

This was an action by an infant, through his next friend, for damages for personal injuries suffered in a collision between two automobiles. Plaintiff was a passenger in one car, operated by his father, and the defendant was the operator of the other car. The collision occurred north of the intersection or junction of Adams Mill Road and Kenyon and Irving Streets. The automobile in which plaintiff was riding was going in a southerly direction on Adams Mill Road, approaching its intersection with Irving Street. Defendant was driving his car in a northerly direction on Adams Mill Road. Each driver claimed he was going at a very moderate rate of speed and that the other driver was going at a highly excessive rate of speed. The jury returned a verdict in favor of the defendant.

The court refused to grant plaintiff's requested instruction No. 1, and three assignments of error are made relating to this action and the alleged error of the court in charging the jury that proof of negligence was confined to proof of violation of a traffic regulation.

■■ We find no error in the refusal of the court to grant the requested instruction. It referred to "any one of the acts of negligence alleged by the plaintiff." The complaint alleged negligence generally and did not allege one or more specific acts of negligence. For this reason the proposed instruction was erroneous and would have been meaningless and, perhaps, confusing to the jury. "It is not the duty of a trial judge to recast or modify an erroneous or misleading requested instruction."

George v. United States, 75 U.S.App.D.C. 197, 125 F.2d 559, 563.

■ Plaintiff introduced in evidence three traffic regulations relating to (1) prohibition of a greater speed than is reasonable and prudent, (2) requirement that vehicles be driven on the right half of the highway, and (3) the method of approach for a left turn. Plaintiff's instruction No. 2, granted by the court, instructed the jury that if defendant violated any one of those traffic regulations such violation was negligence as a matter of law, and, if the proximate cause of plaintiff's injuries, entitled plaintiff to a verdict. Appellant, of course, does not question the correctness of his own instruction, but says that the refusal of his instruction No. 1, coupled with the general charge to the jury, had the effect of limiting the jury in its consideration of negligence to the question whether appellee had violated a traffic regulation. In its general charge the court told the jury that the plaintiff relied upon alleged violations of certain traffic regulations, that the burden was upon plaintiff to prove that the defendant violated one or all of such regulations and that such violation was the direct and proximate cause of the accident. Appellant argues that in effect the jury was told they could not find defendant negligent unless they found he had violated a traffic regulation, and appellant says that this was an erroneous statement of the law. We thoroughly agree with appellant that there can be negligence without violation of a traffic regulation. In Towles v. Arcade-Sunshine Co., Inc., D.C.Mun.App., 32 A.2d 870, 871, we said: "Mere compliance with traffic regulations is no answer to a charge of negligence; because, aside from such regulations, the driver of an automobile must at all times exercise reasonable care."

■■ If the court's charge made violation of a traffic regulation essential to plaintiff's recovery, then such charge was erroneous. However, the charge to the jury cannot be considered piecemeal; it must be viewed in its entirety. Appellant relied strongly for proof of negligence on attempted proof of violation of traffic regulations. Accordingly, in so far as this phase of the case is concerned, the charge to the jury was proper. In other parts of its charge the court instructed the jury, aside from the traffic regulations, that they

should consider the degree of care exercised by the defendant, the manner in which he drove his car, what degree of care and attention he gave to it; and that plaintiff was entitled to recover if he sustained the burden of proof that the defendant was guilty of negligence which was the direct and proximate cause of the accident. The court also instructed the jury as to the meaning of negligence, without reference to traffic regulations. Perhaps the court overemphasized the importance of traffic regulations, but to some degree, at least, this was caused by plaintiff's own emphasis on the regulations and their alleged violation. Considering the charge as a whole, we think the court fairly instructed the jury on the question of negligence both as a matter of general law and with respect to the traffic regulations.

Appellant assigns as error refusal of the court to receive in evidence traffic regulations defining an "intersection" and prescribing the manner of approaching an intersection. Since it is conceded by both parties that the collision occurred out of the intersection, and, therefore, after defendant had passed through the intersection, we see no reversible error in this action of the court.

Another assignment of error relates to the refusal of the court to grant plaintiff's prayer No. 4. That proposed instruction was to the effect that if the jury returned a verdict for the plaintiff, the damages awarded should be determined independently of any consideration of contributory negligence on the part of the driver of the automobile in which plaintiff was riding. Assuming the correctness of the law as stated by this instruction, it nevertheless commingled the question of damages with that of imputing to the infant plaintiff the negligence of his father. This instruction, if granted, in our opinion, would have been misleading to the jury. The proposed instruction mixed the question of contributory negligence with the matter of damages. The two are entirely separate. In denying prayer No. 4 the court stated that it would charge the jury that the negligence of the father could not be imputed to the infant, and he did so charge them. Furthermore, the court granted plaintiff's instruction No. 3, relating to the amount of damages in case the verdict should be for the plaintiff. We find, therefore, that the substance of plaintiff's prayer No. 4 was given to the jury and given in its proper sequence. Therefore, there was no error in denying instruction No. 4. "A party has no vested interest in any particular form of instruction. * * * If, on examination of the entire charge, it appears that the jury has been fairly and adequately instructed, the requirements of the law are satisfied." Cohen v. Evening Star Newspaper Co., 72 App.D.C. 258, 113 F.2d 523.

Assignments of error are made relating to the court's action in denying a new trial on the ground that the verdict was contrary to the evidence and contrary to the law. These assignments require no consideration by us.

At the hearing on a motion for new trial, plaintiff offered testimony of a commercial photographer to prove a photograph showing that the junction of Adams Mill Road and Irving Street is south of the south line of Kenyon Street, and offered testimony of an employee of the District of Columbia highway department to prove the same fact by an official plat. This offer was for the purpose of showing that the defendant, who testified at the trial that the junction of Adams Mill Road and Irving Street was north of the south line of Kenyon Street, knowingly gave false testimony concerning which he could not reasonably have been mistaken. The court refused to receive this evidence, and its action in so doing is assigned as error.

Appellant argues that a verdict obtained by the use of perjured testimony should not be allowed to stand. We agree with this abstract statement of the law but do not agree with its application to this particular case. In the first place, it is far from plain how it was material to the case whether or not the south line of Kenyon Street was north or south of the junction of Irving Street and Adams Mill Road. The accident did not occur on Kenyon Street and neither of the cars was operating on Kenyon Street. At the most, the testimony of defendant in this respect was merely incidental to the real issue of negligence. Assuming that defendant gave false testimony in this particular, we are unable to conclude that it played any material part in the verdict of the jury. Whether such testimony shall be received on motion for new trial is largely in the discretion of the trial court who is in a far better position than this court to judge the

928

material effect of the evidence on the verdict. Except in clear cases the action of the trial court in such matters ought not to be disturbed by an appellate court.

■ There was during the course of the trial considerable confusion as to the exact outlines and boundaries of the intersection. At least two sketches were drawn on a blackboard during the trial, and an outline drawn by a member of the Accident Prevention Unit of the Police Department was received in evidence. It was conceded that none of these sketches was accurate or drawn to scale. Plaintiff offered in evidence four photographs of various views of the intersection. Because of its unusual character and the difficulty of accurate description of it by the witnesses, and the conflicting testimony regarding distances and directions, both plaintiff and defendant requested that the jury be permitted to view the scene. In view of all this confusion, the trial court may well have concluded that the defendant's testimony regarding the location of the junction of Adams Mill Road and Irving Street with respect to Kenyon Street, even though false, was not deliberately so. On the record, we cannot say the court's action in refusing to receive testimony on the motion for new trial was error.

■ As said above, both plaintiff and defendant on two occasions during the course of the trial requested that the jury be permitted to view the scene. Because of the uncertainties which developed during the trial as to the scene, it would have been entirely proper, and probably desirable, that the court authorize a view of the scene by the jury. The court, however, saw fit not to do so. Whether a jury shall be permitted to view the premises is discretionary with the trial court and its action thereon reviewable only for abuse.[1] In this case, the refusal to permit the view is not assigned as error, but we must notice an occurrence in that connection which we cannot approve as proper practice. When the evidence was in and the prayers settled, the case was adjourned until the following morning for final argument. At adjournment the court, with consent of counsel, instructed the jury that before returning to court the next morning any of them who wished might go to and view the scene of the accident. The record does not disclose whether any jurors visited the scene; but assuming some did, the result was that a portion of the jury had information which the others did not. Whether what is seen at a view is considered as evidence or merely an aid to evidence, "its inevitable effect is that of evidence."[2] Each member of the jury ought to see and hear all the evidence. It is obvious that in their deliberations a juror who has viewed the scene may have an advantage over the others. Furthermore, when jurors are permitted to go to the scene unescorted, there is the possibility a juror may go to the wrong place and return to court thinking he has viewed the scene of the accident whereas he has viewed an entirely different scene. The practice adopted here was with consent of counsel and appellant does not and could not assign it as error; but, because it is likely to result in misinformation, uncertainty and confusion, we hold it bad practice which should not be adopted in future cases.

Affirmed.

[1] Hodge v. United States, 75 U.S.App. D.C. 332, 126 F.2d 849; Neufield v. United States, 73 App.D.C. 174, 118 F.2d 375.

[2] Snyder v. Massachusetts, 291 U.S. 97, 121, 54 S.Ct. 330, 338, 78 L.Ed. 674, 90 A.L.R. 575.