## MEAD v. KANE TRANSFER CO.

### No. 175.

Municipal Court of Appeals for the District of Columbia.

March 29, 1944.

568

Scott P. Crampton, of Washington, D. C., for appellant.

Arthur C. Katims, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

CAYTON, Associate Judge.

Plaintiff appeals from an adverse judgment in an automobile collision case. He charges error in the finding that he was contributorily negligent.

It is not necessary to state the evidence for plaintiff in detail. It showed that on 13th Street, Northwest, at an hour when that street was designated for one-way traffic north, he was driving behind a large truck of defendant which was in the middle of the street; that the truck driver attempted to turn left into Corcoran Street without giving any signal of his intention to do so; that plaintiff was attempting at that time to pass the truck and his automobile was struck by the front bumper of the truck; that the first indication he had that the truck was turning was when his daughter, seated beside him on his right, made an exclamation.

Assuming that the evidence just recited established primary negligence on the part of the truck driver, the next and crucial question is whether plaintiff himself committed any acts of negligence which contributed in any substantial degree to his damage.

Defendant's driver gave testimony that he was travelling at about ten miles per hour as he prepared to turn into Corcoran Street; that he had given a hand signal of his intention to turn and had kept his hand extended from the time he was at Q Street until he was about to make the left turn into Corcoran Street; that when he started to make the turn his truck was four or five feet from the left or west curb of 13th Street—as near as he could get and still make the turn—"scarcely room enough for a car to pass his truck on the left although it would probably scrape the truck." He testified that then for the first time he saw plaintiff's automobile in his side mirror travelling at twenty or twenty-five miles per hour; that he swerved to the right but his front bumper struck the right side of plaintiff's automobile.

■ Despite this evidence we are asked to rule as a matter of law that plaintiff was not contributorily negligent; that nothing that he did by way of commission or omission had any bearing on the result, and that the proximate and producing cause of the collision was the negligence of defendant's driver alone. This we cannot do without setting ourselves up as triers of the facts, or resorting to the dubious device of "picking and choosing * * * among uncertain and conflicting inferences"[1] as well as direct contradictions in the evidence.

■ If plaintiff was not sufficiently alert to see the truck about to turn (as his daughter did); if he failed to see an extended hand for a distance of half a block; if he attempted to squeeze through too small a space; if his speed was disproportionately greater than that of the truck, or otherwise too great under the circumstances, lack of care may reasonably be charged to him.

The finding below had ample support in the evidence and will be affirmed.

[1] Federal Trade Commission v. Algoma L. Co., 291 U.S. 67, 54 S.Ct. 315, 78 L.Ed. 655.