## YELLOW CAB CO. OF DISTRICT OF COLUMBIA, Inc., v. SUTTON.

### No. 177.

Municipal Court of Appeals for the District of Columbia.

April 24, 1944.

A. Arvin Lynn, of Washington, D. C. (Alfred M. Schwartz, of Washington, D. C., on the brief), for appellant.

Wilbert McInerney, of Washington, D. C. (Lewis A. McGowan, Jr., of Washington, D. C., on the brief), for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

PER CURIAM.

This action grew out of a collision between two taxicabs at the intersection of 16th and Q Streets, Northwest. The accident occurred early in the morning when the traffic lights were not in operation. The owner of each vehicle brought suit against the other; and the trial court found both drivers guilty of contributory negligence and denied recovery to both plaintiffs. One plaintiff appealed.

The driver of each cab saw the other vehicle prior to entering the intersection and there was the usual dispute in testimony as to time, distance and speed. Each driver claimed the right of way, one because of driving on a boulevard or through street and the other because of entering the intersection on the right of the other vehicle.

The trial court did not determine the question of right of way and we do not think it essential that it should. We have ruled that a right of way is relative and not absolute (Raaen v. Southern Hotel Supply Co., Inc., D.C.Mun.App., 31 A.2d 659), and having the right of way will not absolve one of the duty of exercising reasonable care (Herndon v. Higdon, D.C. Mun.App., 31 A.2d 854), since the driver of an automobile must at all times and under all circumstances exercise reasonable care. Towles v. Arcade-Sunshine Co., Inc., D.C. Mun.App., 32 A.2d 870.

It is not necessary to detail the evidence. It was conflicting. We cannot act as triers of fact but must leave to the trial court questions of the weight of evidence and the credibility of witnesses. We have frequently held that findings of the trial judge, supported by substantial evidence, cannot be disturbed on appeal. Brooks v. District of Columbia, D.C.Mun. App., 31 A.2d 657; Meyer v. Capital Transit Co., D.C.Mun.App., 32 A.2d 392; Towles v. Arcade-Sunshine Co., Inc., D.C. Mun.App., 32 A.2d 870; Wright v. Capital Transit Co., D.C.Mun.App., 35 A.2d 183; Mead v. Kane Transfer Co., D.C.Mun.App., 36 A.2d 567. Only recently were we reminded by the United States Court of Appeals for the District of Columbia that an appellate court may not reweigh the evidence or override the trial court's findings, except where it clearly appears they are manifestly wrong. Nolan v. Werth, App. D.C., 142 F.2d 9, reversing Werth v. Nolan, D.C.Mun.App., 32 A.2d 386.

Affirmed.