**E. P. HINKEL & CO., Inc., v. GERONDI-KAS et al.**

No. 388.

Municipal Court of Appeals for the District of Columbia.

July 17, 1946.

Richard W. Galiher, of Washington, D. C. (Henry I. Quinn, of Washington, D. C., on the brief), for appellant.

Joseph D. Bulman, of Washington, D. C. (Sidney M. Goldstein, of Washington, D. C., on the brief), for appellees.

Before CAYTON, Chief Judge, and HOOD, and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

This was a suit for personal injuries and other damages resulting from a collision between defendant's motor truck and plaintiff's bicycle. Verdict and judgment were for plaintiffs. Defendant appeals, charging that the trial judge erred in refusing to grant a motion for directed verdict at the conclusion of all the evidence and a later motion for judgment non obstante veredicto.

Defendant's truck was proceeding south on Montello Avenue, Northeast. Plaintiff Nicholas Gerondikas, a 12-year-old boy, was riding a bicycle west on Penn Street, on a downgrade. Penn Street traffic at that point was controlled by stop signs which established Montello Avenue as a boulevard or favored highway. Plaintiff testified that on approaching the intersection he came to a stop "about right beside" the stop sign which was 30 feet east of the curb line of Montello Avenue; that he looked both ways and saw a red truck coming toward him; that he decided the truck was a "safe distance"—half a block or a block—away and started across the intersection. On cross-examination he estimated the truck was about 100 feet, or half a block or a block away when he first saw it, and fixed the speed of the truck at 45 or 50 miles an hour. He did not look for or see the truck again until just before the impact. His testimony was supported in part by a companion who was riding a bicycle just ahead of him.

A police officer testifying for defendant said that when he interviewed the plaintiff at the hospital shortly after the injury, plaintiff told him he could not stop his bicycle.

The operator of defendant's truck testified that before entering the intersection he had been traveling 18 or 20 miles an hour; that he looked both ways and saw no one coming; that he crossed the Penn Street intersection and did not see plaintiff until he struck the truck; that after the collision he dragged plaintiff a little way but slammed on his brakes and stopped as quickly as he could, and helped plaintiff from under the truck.

■. In pressing its motion for an instructed verdict defendant argued the theory that plaintiff was guilty of contributory negligence as a matter of law. Developing the same theory here, appellant argues that plaintiff lost control of his bicycle coming down the hill, was unable to stop and ran into defendant's truck after it had passed the south curb line of the intersection; that even if it be true that plaintiff did stop at the traffic sign he was negligent in entering the intersection in the face of an immediate hazard, the fast moving truck a short distance away. In effect appellant asks us to rule as a matter of law that such was the situation and that the jury had no right to find otherwise. This we cannot do.

The testimony of defendant's driver that he had not exceeded 20 miles per hour must be considered along with that of the plaintiff who estimated the speed of the truck at 45 to 50 miles per hour. The testimony tending to show the collision occurred 10 feet past the south curb line of the intersection, and it was there that the police officers found markings indicating an object had been dragged, must be considered in the light of plaintiff's contention that he had been struck twice. and that the markings merely showed where he had been hit the second time. As we see it, all this added up to conflicting evidence and presented issues of fact for the jury. So, too, it was a question of fact under all the circumstances, whether it was reasonable care for the plaintiff, if he had stopped at the traffic sign and observed a truck half a block or a block away, to have proceeded into the intersection without again looking for the truck while crossing. The applicable traffic regulation reads as follows:

"At any point at which an official 'Stop' sign has been erected all vehicles shall come to a complete stop and shall yield to other vehicles within the intersection or approaching so closely thereto as to constitute an immediate hazard, but said driver having so yielded may proceed and other vehicles approaching the intersection shall yield to the vehicle so proceeding into or across said intersection." Traffic and Motor Vehicle Regulations for the District of Columbia, Sec. 28(b).

■ The right of way created by this regulation, as we have previously held, is not absolute,[1] and it was therefore proper for the trial judge to submit to the jury for its determination, the question whether, under the circumstances, plaintiff had violated the regulation, and if so whether such violation was a proximate cause of the collision.

Whether he exercised reasonable care was an ultimate fact depending upon the weight to be given his testimony (as well as the other testimony in the case) as to the extent of his observation before and after starting from the stop sign, the relative speeds of the two vehicles, the distance each would or did travel before reaching the point of impact, the positions of each at the time of, and after, the collision, and other attendant circumstances.

■ We need not elaborate on the well established rules that where evidence is conflicting it must be resolved by the jury;[2] that contributory negligence is ordinarily a question of fact and that conclusions and inferences with reference thereto are also for the jury;[3] and that it is improper to direct a verdict for defendant when there

---

[1] Towles v. Arcade-Sunshine Co., D.C. Mun.App., 32 A.2d 870; Yellow Cab Co. of District of Columbia v. Sutton, D.C. Mun.App., 37 A.2d 655.

[2] Towles v. Arcade-Sunshine Co., supra.
[3] Eclov v. Dalton, D.C.Mun.App., 38 A. 2d 661.

 

is any evidence from which a jury can reasonably find for plaintiff.[4]

[redacted] It follows that the case was properly submitted to the jury. It also follows, because the same basic proposition of law applies,[5] that the trial judge was correct in overruling the motion for judgment non obstante.

Affirmed.

---

[4] Birchall v. Capital Transit Co., D.C. Mun.App., 34 A.2d 624.

[5] Municipal Court Rule 46; Federal Rules of Civil Procedure, rule 50, 28 U.S. C.A. following section 723c; Shewmaker v. Capital Transit Co., 79 U.S.App.D.C. 102, 143 F.2d 142; See also Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed. 147.