## LOHMAN v. DISTRICT OF COLUMBIA.
### No. 449.

Municipal Court of Appeals for the
District of Columbia.

Feb. 20, 1947.

Alfred M. Schwartz, of Washington, D. C. (Samuel A. Friedman, of Washington D. C., on the brief), for appellant.

Edward A. Beard, Asst. Corporation Counsel, of Washington, D. C. (Vernon E. West, Corporation Counsel, and Chester H. Gray, Principal Asst. Corporation Counsel, both of Washington D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

The important question on this appeal is the validity of Section 28(a) of the District of Columbia Traffic and Motor Vehicle Regulations, which reads in part: "A vehicle approaching an intersection shall slow down and be kept under such control as to avoid colliding with pedestrians or vehicles." Appellant was convicted of a violation of said regulation. We shall recite only so much of the evidence as is necessary to an understanding of the legal questions involved.

At 2:30 in the morning appellant was driving a taxicab west on Park Road approaching the intersection of 14th Street. An automobile operated by one Coratello was proceeding south on 14th Street, approaching the same intersection, and there

was a collision between the two automobiles within the intersection. Traffic at that point is normally controlled by lights but at that early morning hour the lights were not in operation.

The testimony of Coratello was that he was driving about 20 miles per hour; that he was about 20 feet from the intersection when he first observed the taxicab about 100 feet east of 14th Street traveling about 40 miles an hour; that it slowed down about five miles an hour before entering the intersection and was apparently going to turn left into 14th Street; that after entering the intersection the cab speeded up again, cut in front of Coratello's car and attempted to cross 14th Street; that when the cab was directly in front of him he (Coratello) attempted to apply his brakes but the collision nevertheless occurred; that his car came to a stop in the intersection but the cab continued on over the curb and struck a building at the corner. A passenger in the Coratello car gave general corroboration to his testimony.

A police officer testified that appellant's taxicab was hit at the right front fender and doors and that Coratello's car was damaged across the "full front, shifted somewhat to the right." The officer testified as to certain measurements he made at the scene of the collision and also testified that defendant told him "he didn't see the car at any time until it struck him; that he was watching some boys over on the corner at Peoples' Drug Store."

Appellant testified that he was driving 15 or 18 miles per hour intending to go straight across the intersection; that when he was 30 to 50 feet from the intersection he first saw Coratello's car "coming down 14th Street slowly. I dismissed him from my mind. He was far enough back that he was not any immediate hazard." He then testified that as he was crossing the car track he looked out of the side of his windshield and saw the Coratello car "bearing down" on him. He admitted that he may have accelerated his speed or "must have misjudged the distance from him to the intersection * * *." A pedestrian bystander testified as to what happened after the collision.

Appellant first contends that the regulation is void because unreasonable, indefinite and uncertain, and because it fixes no standard by which the negligence of a driver may be determined. He argues that under the language of the regulation a careful and blameless driver may as easily be adjudged guilty of a violation as one who is reckless, simply because he does not manage to avoid a collision. He relies heavily on Horney v. Giering, 132 Wash. 555, 231 P. 958, 960, in which the court invalidated a regulation which provided: "No person shall drive or operate any vehicle so as to collide with or strike 'against any person.'" Probably the language just quoted cast too heavy a duty upon the motorist and in effect made him criminally answerable for every accident. But, as we shall see, that regulation was quite different from the one here under attack.

■ The primary test of the validity of a regulation is, as we have recently held, whether it sets up "reasonably ascertainable standards of guilt" so that the man of ordinary intelligence may understand it and avoid violating it. Siegman v. District of Columbia, D.C.Mun.App., 48 A.2d 764, 765.

Does this regulation meet such a test? Does it impose a standard of care which the average motorist would find difficult to understand or observe? The regulation does not say that every driver who becomes involved in a collision is guilty. It does not impose an absolute duty to avoid collisions regardless of traffic conditions or the negligence or recklessness of other drivers. It requires the motorist approaching an intersection to "slow down" and keep his vehicle "under such control as to avoid collision with pedestrians or vehicles." In reality this language imposes no different or stricter standards than those of reasonable care established by common law, and which would apply if the District Commissioners had passed no regulation on the subject.

■ Even in the absence of statute or regulation a motorist approaching an intersection is required to exercise reasonable care by keeping a lookout ahead, and by

driving at such speed and in such manner as to have his automobile under reasonable control so as to be able to stop when he sees, or reasonably should see other vehicles in or approaching the intersection.[1] The regulation under review requires no more than that, for it "only makes obligatory the rule of common sense regarding the duty of a driver at the intersection of streets  *  *  *."[2]  In this jurisdiction the standard of care required at intersections has been similarly defined.[3]

We think that under this regulation the motorist is not to be punished for every collision he fails to avoid, and is only called upon to exercise reasonable care to avoid colliding with others who are also using reasonable care. We hold the regulation to be reasonable and valid.

But the appellant insists the charge must fail because it was incumbent upon the government to prove both elements of the charge,—(a) that he failed to slow down, and (b) that he failed to keep his vehicle under control. Appellant says there was no proof of the first element of the charge. But as we read the evidence there was substantial testimony to support the charge that defendant failed to slow down. If, as some of the testimony showed, defendant was traveling at 35 to 40 miles per hour as he approached the intersection and reduced his speed by a mere five miles per hour, we think this was not such a "slowing down" as the regulation requires. Moreover, there was direct testimony that after entering the intersection appellant actually accelerated his speed. The regulation requires more than a slight, fleeting compliance.

Finally appellant says the fine of $50 imposed by the trial judge was excessive. This assignment of error we cannot consider. The sentence was within the lawful limit (the maximum fine authorized is $300), and there is nothing in the record to show that it was unduly harsh or violative of the judge's discretionary power. Gaston v. United States, D.C.Mun.App., 34 A.2d 353, affirmed 79 U.S.App.D.C. 37, 143 F.2d 10, certiorari denied 322 U.S. 764, 64 S.Ct. 1286, 88 L.Ed. 1591.

Affirmed.

---

[1] United States Can Co. v. Ryan, 8 Cir., 39 F.2d 445, certiorari denied 282 U.S. 842, 51 S.Ct. 23, 75 L.Ed. 748; Huddy on Automobiles, 8th Ed., sec. 306; Berry, Law of Automobiles, 7th Ed., sec. 3.01; Vol. 1 Blashfield's Cyclopedia of Automobile Law, Chap. 17, § 4, Chap. 22, § 18.

[2] Howe v. Scheibel, D.C.W.D.Pa., 47 F.Supp. 295, 296.

[3] Bland v. Hershey, 60 App.D.C. 226, 50 F.2d 991; Jarvis v. Bostic, 65 App. D.C. 78, 79 F.2d 831; see also Yellow Cab Co. of District of Columbia v. Sutton, D.C.Mun.App., 37 A.2d 655; Coleman v. Chudnow, D.C.Mun.App., 35 A. 2d 925.