TOBIN ET AL. *v.* HOFFMAN ET AL.

[No. 142, October Term, 1952.]

*Decided May 15, 1953.*

The cause was argued before SOBELOFF, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Stanley B. Frosh* for the appellants.

*James F. Couch, Jr.,* with whom were *Vaughn, Couch & Blackwell* on the brief, for Frederick Hoffman, appellee.

*Hal C. B. Clagett,* with whom were *Albert E. Brault* and *Sasscer, Clagett & Powers* on the brief, for Alvin R. Dreas and George L. Bowen, appellees.

SOBELOFF, C. J., delivered the opinion of the Court.

A collision between two automobiles at a street intersection in Washington, D. C., gave rise to this case which was brought in the Circuit Court for Prince George's County. Questions of substantive law are therefore to be decided according to the law of the District of Columbia, although procedural matters are governed by Maryland law. *Black Diamond S. S. Corp. v. Robert Stewart & Sons,* 336 U. S. 386, 69 S. Ct. 622, 93 L. Ed. 754; *W. W. Clyde & Co. v. Dyess,* 10 Cir., 126 F. 2d 719.

Mary Tobin, the plaintiff, was a passenger in a car driven by one of the defendants, Frederick Hoffman, her husband's business partner. Her suit was against him and against Alvin Dreas and George Bowen, the owner and operator, respectively, of a taxicab which collided with the car in which the plaintiff was riding. Her husband, Jack Tobin, was co-plaintiff, but our references to plaintiff are intended to refer to Mrs. Tobin.

Proceeding east on Kennedy Street in Washington on a dark, rainy night in May, 1951, Hoffman approached the intersection at Third Street. The latter is the favored artery, and stop signs on Kennedy Street protect Third Street traffic. The block of Third Street south of Kennedy traverses a hill, the ridge of which is approximately 200 feet south of the intersection, from which point it descends to Kennedy.

A full stop was made by Hoffman, who testified that he looked in both directions, saw nothing, and after Mrs. Tobin looked and declared that she saw nothing, he proceeded more than one-half of the way across the intersection, at which point the rear of the right side of his car was struck by the northbound taxicab. As a result of the collision, plaintiff was thrown clear of the vehicle, rendered unconscious, and sustained considerable injuries.

The above facts are uncontradicted, but from this point on the parties are in controversy as to the facts and their legal implications. Testimony of both plaintiff and Hoffman is to the effect that they saw no lights on the other vehicle and that they were not aware of its ap-

proach until an instant prior to the accident. According to the plaintiff they were then three-fourths of the way across the intersection. Hoffman also testified that after the arrival of the police, he turned off his lights at their order, but that on the taxicab one light was broken, and the other was out. He further testified that he was in sole control and operation of the vehicle and in no wise relied upon Mrs. Tobin.

At the end of the plaintiff's case the trial Court granted motions for directed verdicts in favor of each of the three defendants. In an oral opinion the Court held Mrs. Tobin guilty of contributory negligence as a matter of law because "she failed to keep a proper lookout to her right for her own protection" and this, it was held, directly contributed to her injury.

After concluding that plaintiff and Hoffman were engaged in a joint enterprise, the Court added: "That means that so far as her right of action against Hoffman was concerned if she was not then an active partner she was certainly a stand-in partner for her husband and that the Tobin suit against Hoffman represents an effort on the part of one partner to sue the other partner for a tort arising out of the conduct of the partnership business and the rule with reference to joint enterprise and the assumption of risk would certainly apply in such case." Finding at most but a scintilla of evidence of negligence attributable to the cab driver, the Court also held that there was no proof of the defendants' primary negligence to warrant submission of the case to the jury.

1. Pertinent to a consideration of the question of primary negligence of the taxicab operator is Section 28(b) of the Traffic and Motor Vehicle Regulations for the District of Columbia which reads: "At any point at which an official 'Stop' sign has been erected all vehicles shall come to a complete stop and shall yield to other vehicles within the intersection or approaching so closely thereto as to constitute an immediate hazard, but said driver having so yielded may proceed and other vehicles approaching the intersection shall yield to the

vehicle so proceeding into or across said intersection; * * *". It has been held by the Municipal Court of Appeals for the District of Columbia that the right of way created by this regulation is not absolute in *E. P. Hinkel & Co. v. Gerondikas,* D. C. Mun. App. 48 A. 2d 459; *Towles, to Use of Plymouth Ins. Co. v. Arcade Sunshine Co.,* D. C. Mun. App., 32 A. 2d 870; *Yellow Cab Co. v. Sutton,* D. C. Mun. App., 37 A. 2d 655. We think these cases demonstrate that triers of fact could reasonably attribute negligence to the taxicab operator.

Nor can we be oblivious to the testimony of Hoffman that there were no lights on the taxicab prior to the collision. See *Spund v. Myers,* 67 App. D. C. 135, 90 F. 2d 380, which held that evidence of headlights which were out immediately after the accident was of some evidentiary validity on the question of whether the lights were out at the time of the accident. At least it is evidence constituting more than a scintilla as to negligence.

2. We are confronted with a directed verdict for the three defendants, partly on the ground that the plaintiff was contributorily negligent as a matter of law "by failing to see the vehicle which was within view and its danger to the driver Hoffman so as to avoid the accident." With this ruling we disagree.

A jury could reasonably find that when the plaintiff and Hoffman both looked and did not see, it was because the cab had not at that time reached the peak of the hill and could not have been seen, or having started downhill, it was not visible because it was not illuminated. It must be borne in mind that Hoffman's car was struck when it was three-fourths of the way across the intersection, a situation which raises a jury question as to the conduct of the operators of both vehicles. The Court assumed negligence on the plaintiff's part when it declared that the vehicle was in view, a matter which appears to be not at all clear, at least from the plaintiff's case and in the absence of the taxicab operator's version. Reasonable men may well differ in their judgment as to this. What has been said here as to the question of

plaintiff's negligence could likewise apply to defendant Hoffman's alleged negligence.

3. The next question is whether Hoffman's negligence, if any, is attributable to the plaintiff. Assuming a partnership relation between Hoffman and the plaintiff and her husband, or even between Hoffman and plaintiff herself, we do not think that the mere existence of partnership and common purpose in the journey render inevitable an imputation to her of Hoffman's negligence, if any. We recognize that notwithstanding that title to the car was in Hoffman, it was nevertheless, by agreement, partnership property. Before Hoffman's alleged negligence may be imputed to plaintiff there must be a finding that she could exercise, or in fact exercised, control over the car's operation.

Concerning the requisites of a joint adventure, the Municipal Court of Appeals (D. C. Mun. App.) held in *Nat'l Trucking & Storage Co. v. Driscoll*, 64 A. 2d 304, 305, that "to establish such relationship there must exist not only a community of interest in the subject of the venture, 'but also an equal right, express or implied, to direct and control the management and movement of the car.'" Citing *Gasque v. Saidman*, D. C. Mun. App., 44 A. 2d 537, 539, citing *Steans v. Lindow*, 63 App. D. C. 134, 70 F. 2d 738.

This is at most a matter in the jury's realm; the Court should not declare as a matter of law that there was such control.

Paramount in the finding of a joint enterprise between a driver and a passenger is the mutual right of control, which confers upon each joint adventurer a substantial power to "steer the ship", so to speak. This is not a matter which should turn upon refinements of title, nor even solely on calculated possibilities of financial enhancement envisioned as the fruit of the journey, but rather upon the realities of the situation. Decisive in such a case is whether or not the passenger has a right to impose on the driver his views with respect to the vehicle's operation; and whether, enjoying such a power the ad-

venturer failed to exercise it, or did, but negligently so. We are not unmindful of the consequences of holding that every joint adventurer must exercise his right of control in the operation of a vehicle, or else respond in damages when there is negligence on the part of the driver. On the other hand, it is not unreasonable, but rather in furtherance of the public safety, to encourage passengers to admonish drivers of obvious perils.

Liability springing out of a joint enterprise is vicarious; it is fallacy to impute to a passenger the driver's negligence, where the former sues the latter. Designed for the protection of third persons, the vicarious liability of joint ventures does not inhibit a driver-passenger contest. *Harper, Torts,* Sec. 148 (1933); *Lessler, Imputed Contributory Negligence,* 20 Fordham Law Review, 156, 173; *Prosser on Torts,* 497, 498.

Considering the sudden nature of the accident, prior to which Hoffman's operation of the car gave no indication of negligence or reason for Mrs. Tobin to anticipate harm, and the fact that Mrs. Tobin was not herself a driver, but was learning how to drive an automobile, a jury could reasonably conclude that under the circumstances she had no right or duty to intervene. To hold otherwise would perhaps vary the established policy of the law by imposing upon a passenger inexperienced in driving the duty to direct and interfere with an experienced driver.

There is slight evidence, hardly more than a suggestion, as to whether plaintiff herself and Hoffman were partners, and certainly the Court could not properly conclude as a matter of law that they were partners. The matter was not fully developed in the testimony. Even if it be assumed that Mrs. Tobin was an ostensible partner, the rights of third parties relying on such an appearance in contractual relations would be distinct from the legal consequences involved in a tort suit by her against Hoffman and other individuals.

4. Counsel presented strong arguments on the right of plaintiff to sue her husband's co-partner in tort for

a wrong arising within the scope of partnership activities.

There is nothing in the policy of the Maryland Law which precludes the bringing of the suit here; nor does the law of the District of Columbia (with which we deal, *infra*) inhibit this action. It is clear that Maryland will not entertain a suit by one spouse against the other for his or her tort, committed during the marital status. *Furstenburg v. Furstenburg,* 152 Md. 247, 136 A. 534; *David v. David,* 161 Md. 532, 157 A. 755, 81 A. L. R. 1100. Nor can a wife sue a partnership of which her husband is a member for negligently maintaining an unguarded, dangerous elevator shaft into which she fell. *David v. David, supra.* In the case at bar we have a plaintiff who is suing her husband's co-partner in his individual capacity for a tort perpetrated by his own hand, albeit, within the ambit of partnership activities. Mrs. Tobin is not suing the partnership and she has not joined the co-partner (her husband) nor has Hoffman joined him as a defendant. *David v. David* is distinguishable in that there the partnership, *i.e.,* both partners, one of which was the plaintiff's husband, were sued in a proceeding which would render both jointly and severally liable in damages for maintaining the open shaft, a wrong as to which they were joint tort feasors; while in the instant case, the plaintiff's husband appears only as a party-plaintiff, not a party-defendant, and the wrong sought to be recompensed was the sole wrong of Hoffman. The case at bar is thus not one of a wife suing her husband for his wrong. We declare, therefore, that this suit by the plaintiff against Hoffman is not barred, notwithstanding that in the District of Columbia the common law rule that spouses are not liable for the tortious acts of one against the other is extant and unaffected by D. C. Code (1951) Sec. 30-208 which reads in part: "Married women shall have power * * * to sue * * * for torts committed against them, as fully and freely as if they were unmarried, * * *". See *Thompson v. Thompson,* 218 U. S. 616, 31 S. Ct. 111, 54 L. Ed. 1180.

The record discloses a partnership dissolution agreement in which Mr. Tobin agrees to contribute to defendant Hoffman to the extent of one-half of any moneys the latter must pay in the event that a judgment against him exceeds the limits of his liability insurance. We are disinclined to hold that such a voluntary agreement, especially when made after the accident, inhibits this suit.

Most pertinent to this facet of our inquiry is the case of *Yellow Cab Co. of D. C. Inc. v. Dreslin* (1950), 86 U. S. App. D. C. 327, 181 F. 2d 626, 19 A. L. R. 2d 1001. The wife of appellee (Dreslin) sued the appellant Cab Co. for injuries sustained by her in a collision between one of its taxicabs and her husband's car, in which she was a passenger along with others, who were also plaintiffs'. Mr. Dreslin, as a party-plaintiff, sought damages for loss of *consortium*, medical expenses, and damages to his automobile. The Cab Co. pleaded that Mr. Dreslin was contributorily negligent and cross-claimed against him for damages to the cab and for contribution for any sums recovered by the other plaintiffs against it. Judgments for varying amounts were entered in favor of all plaintiffs except Dreslin, against whom a declaratory judgment was entered in favor of the Cab Co. for contribution. This the District Court disallowed. On appeal, the Court of Appeals affirmed, holding so on the rationale that contribution depends upon joint liability, and a plaintiff in a contest from which a right of contribution develops must have had a cause of acton against the party from whom contribution is sought. Holding that a wife cannot sue her husband, the Court said that she had "no right to action against him and the Cab Co., hence nothing to which a right of contribution could attach."

This substantive law of the District of Columbia is applicable to the case at bar. It is unnecessary to decide and we do not intimate that such would be the disposition were the suit one governed by the law of Maryland.

For the errors pointed out, judgment of the lower court is reversed and the cause remanded for a new trial.

> *Judgment reversed and cause remanded for new trial, with costs to appellants.*