591 A.2d 886

Warren M. TURNER, et ux.

v.

YAMAHA MOTOR CORPORATION, U.S.A., et al.

No. 1386, Sept. Term, 1990.

Court of Special Appeals of Maryland.

June 28, 1991.

Thomas A. Garland, Columbia, for appellants.

Walter J. Smith, Jr., Paul T. Cuzmanes, Janice G. Murphy and Wilson, Elser, Moskowitz, Edelman & Dicker, Washington, D.C., for appellees.

Submitted before WENNER, FISCHER and CATHELL, JJ.

FISCHER, Judge.

Appellants Warren M. Turner and Marcia S. Turner, husband and wife, appeal from the granting of a motion for summary judgment against them by the Circuit Court for Howard County.

This case arises from an accident alleged to have occurred on July 15, 1986 resulting in injuries to Marcia Turner. It is alleged that she was injured in Virginia while operating an "all-terrain vehicle" (ATV) which appellees (Yamaha) manufactured and sold to appellants. The original complaint was filed on July 14, 1989 and was subsequently amended after appellees' motion to dismiss was granted on the ground that "Plaintiffs' Complaint improperly mixes the separate and distinct claims of two different plaintiffs in one count." Subsequent to the filing of the amended complaint, appellees filed a motion to dismiss or, in the alternative, for summary judgment based upon an assertion that the Virginia two year period of limitations applied, and therefore, appellants' claim was time barred.

On April 17, 1990, the trial court granted the motion for summary judgment reasoning, "[P]laintiffs' action is barred by the Virginia statute of limitations." This appeal followed, and, while appellees prevailed at the trial court, they apparently concede here.

■ The only question before us is whether the statute of limitations of Virginia or Maryland applies to this cause of action. It appears that the circuit court relied primarily upon the holding of the Court of Appeals in *Hauch v. Connor*, 295 Md. 120, 453 A.2d 1207 (1983). *Hauch* re-

affirmed that a tort action is governed by the substantive law of the state where the wrong occurred. What the trial court overlooked, however, is that generally the question as to which period of limitations applies is a matter of procedural, not substantive, law.

The Court of Appeals said, in *Mandru v. Ashby*, 108 Md. 693, 695, 71 A. 312 (1908):

While the *lex loci* controls the nature, construction and validity of the contracts, yet the remedy upon them is regulated by the law of the forum and throughout the United States it seems to be almost universally established that the defense of limitations is a matter of procedure to be controlled by the law of the place where the suit is instituted. 2 *Kent Com.*, 462; *Pritchard v. Norton*, 106 U.S. 124 [1 S.Ct. 102, 27 L.Ed. 104].

And in *Doughty v. Prettyman*, 219 Md. 83, 88, 148 A.2d 438 (1959), a suit also involving an automobile accident occurring in Virginia upon which suit was brought in Maryland, the Court of Appeals said:

The pleadings make it clear that the accident happened in the State of Virginia. Questions of substantive law are therefore to be decided according to the law of that state, but procedural matters are governed by Maryland law. *Tobin v. Hoffman*, 202 Md. 382, 386 [96 A.2d 597]; Restatement, *Conflict of Laws*, Section 592 (1934). Included in the procedural matters governed by the law of this state is the statute of limitations. Restatement, *Conflict of Laws*, Section 604 (1934).

There is an exception where the substantive law of a foreign state applies, but the foreign statute of limitations constitutes a condition precedent to the right to maintain the action. In such cases, the period of limitations is part of the substantive right of action. *Slate v. Zitomer*, 275 Md. 534, 542, 341 A.2d 789, *cert. denied*, 423 U.S. 1076, 96 S.Ct. 862, 47 L.Ed.2d 87 (1975). That exception, however, does not apply in the case *sub judice*.

Since the Turners filed their suit within three years of the occurrence, it was timely filed pursuant to the applicable Maryland limitations period. Md.Cts. & Jud.Proc.Code Ann. § 5–101 (1989 Repl.Vol.).

JUDGMENT REVERSED.

COSTS TO BE PAID BY APPELLEES.