### DOUGHTY, INFANT *v.* PRETTYMAN, ADMINISTRATOR

[No. 119, September Term, 1958.]

*Decided February 16, 1959.*

The cause was argued before HENDERSON, HAMMOND,

PRESCOTT and HORNEY, JJ., and OPPENHEIMER, Judge of the Supreme Bench of Baltimore City, specially assigned.

*J. B. Randol Carroll*, with whom were *Hilary W. Gans, Thomas F. Johnson, C. Lester Drummond* and *R. Norris Bloxom* on the brief, for appellant.

*William H. Price*, with whom was *Robert D. Bartlett* on the brief, for appellee.

OPPENHEIMER, J., by special assignment, delivered the opinion of the Court.

The principal question involved in this appeal is whether the court below erred in holding on demurrer that the appellant's third amended declaration set up causes of action which did not accrue within three years before its filing. The original declaration was filed on February 29, 1952, and claimed damages for personal injuries sustained on or about March 29, 1951, by the infant appellant while riding in a motor truck owned by the appellee's decedent and operated by his agent, Johnson. The declaration contained two counts, as did all the amended declarations. The first count alleged that the accident was caused by Johnson's negligence in operating the truck; the second alleged that the accident was due to a defective condition of the truck which its owner knew or should have known existed.

Thereafter demurrers and demands for particulars and amended declarations and bills of particulars succeeded each other for a period of six years. In this spate of pleadings the following are relevant to the issue before us: On September 22, 1952, the appellee's decedent duly notified the appellant that pursuant to the Uniform Judicial Notice of Foreign Law Act (now Article 35, Sections 47-53, Code, 1957), the court would be asked to take judicial notice of Section 8-646.1 of the 1950 Code of Virginia. This Virginia statute, as amended at the time of the happening of the accident, read as follows:

"Motor vehicle accidents.

§ 8-646.1. *Liability for death or injury to guest in motor vehicle.*—No person transported by the

owner or operator of any motor vehicle as a guest without payment for such transportation and no personal representative of any such guest so transported shall be entitled to recover damages against such owner or operator for death or injuries to the person or property of such guest resulting from the operation of such motor vehicle, unless such death or injury was caused or resulted from the gross negligence or willful and wanton disregard of the safety of the person or property of the person being so transported on the part of such owner or operator."

On August 22, 1952, the appellant filed his first amended declaration, which contained an allegation in each count that the accident happened in the State of Virginia. On January 14, 1953, in his second amended declaration, the appellant alleged, in the first count, that Johnson was operating the truck in a grossly negligent and reckless manner. On July 7, 1955, the appellant reported the death of the original defendant and asked that Prettyman, the decedent's administrator, be named in his stead. On the same date, in an amendment to the second count of the second amended declaration, the appellant alleged that the original defendant, the owner of the truck, was grossly negligent in permitting it to be operated in a defective condition. On April 16, 1956, in a bill of particulars to the second amended declaration, the appellant alleged in both counts that the infant appellant was riding in the truck at the request of Johnson, the operator, and that the infant appellant expected and hoped to be compensated by the owner of the truck, the appellee's decedent. On December 10, 1956, the appellant filed a third amended declaration. Count one contained the additional allegation that at the time of the accident the infant appellant was riding as a guest passenger. By an interlineation made, with the Court's permission, on April 12, 1957, it was alleged in the second count that the infant appellant was a casual employee of the owner. The appellee filed a demurrer and pleas; his demurrer was overruled.

The appellee's fifth and sixth pleas to the amended third

declaration alleged that the causes of action set forth in both counts of the declaration did not accrue within three years before the bringing of the suit. The appellant filed a replication alleging that the causes of action in both counts did accrue within three years; the appellee demurred to the appellant's replication, and the trial court sustained the demurrer without leave to amend. Judgment was thereupon rendered in favor of the appellee, with costs.

The appellant's replication to the appellee's fifth and sixth pleas put at issue the question of limitations raised by those pleas, and the trial court's ruling on the demurrer to the replication was based on that issue. Poe, *Pleading,* Section 674 (1925); Rule 556, Maryland Rules. If the third amended declaration set forth a new cause of action, the defense of limitations is available; if it did not, the period is to be determined with reference to the date of filing the original declaration. *Cline v. Fountain, etc., Company,* 214 Md. 251, 258. The pleadings make it clear that the accident happened in the State of Virginia. Questions of substantive law are therefore to be decided according to the law of that state, but procedural matters are governed by Maryland law. *Tobin v. Hoffman,* 202 Md. 382, 386; Restatement, *Conflict of Laws,* Section 592 (1934). Included in the procedural matters governed by the law of this state is the statute of limitations. Restatement, *Conflict of Laws,* Section 604 (1934). In this case, the applicable period of limitations is three years. Code (1957), Article 57, Section 1. (Although it is apparent on the face of the pleadings that the plaintiff was an infant when the cause of action arose, the effect, if any, of Article 57, Section 2, was not presented to, or decided by, the trial court and therefore is not before this Court on appeal. Rule 885, Maryland Rules.)

The appellant contends that the cause of action set forth in the first count of the original declaration and in all amendments thereof was the negligent operation of the motor truck, and that the cause of action in the alternate claim set forth in the second count of the original declaration and all amendments thereof was the fact that the front end of the motor truck owned by the appellee's decedent was defective, as he

knew or should have known. He submits therefore that the causes of action relied on in the third amended declaration were not new but merely amplifications and perfections of the causes of action originally set forth.

The appellee contends that under the appellant's claim in the first count that the truck was negligently operated by the owner's agent, no cause of action was stated under the Virginia statute until it was alleged that the infant appellant was a guest passenger in the truck and that the negligence of the operator was gross in nature. If the infant appellant was an employee of the owner of the truck, the appellee claims that there could be no recovery under the Virginia law, whether the operator's negligence was simple or gross, because of the fellow-servant doctrine, citing *LeSueur v. Ayres,* 191 Va. 119, 60 S. E. 2d 26. The gross negligence of the driver was alleged within the three year period from the date of the accident, but the allegation that the status of the infant appellant was that of a guest passenger was not within the period. As to the second count, the appellee points out that there was no allegation that the appellee's decedent was grossly negligent in permitting the alleged defective condition of the truck to exist until the second amended declaration was filed, more than three years after the cause of action arose, and that there was no allegation that the appellant was a casual employee until the third amended declaration over a year later. It is the appellee's position, therefore, that neither count of the declaration or any amendment alleged the essentials of a cause of action under the Virginia law within the three year period, and that the court below was correct in holding that each count of the third amended declaration was barred by limitations under Maryland law.

The issue of whether or not the amendment of an original pleading set up a new cause of action has been before this Court in a number of cases. The latest decision on the point is *State, Use of Cavanaugh v. The Arundel Park Corporation,* 218 Md. 484. In that case, the original declaration was a death action for negligence arising out of a fire which occurred on January 29, 1956, at an oyster roast conducted by a religious corporation. The four defendants named in the declaration each filed special pleas that they were non-profit

eleemosynary institutions and, consequently, immune from liability for damages for the alleged torts of their agents, servants and employees. On October 14, 1957, the plaintiffs filed a second amended declaration alleging that the defendants were insured and were estopped from pleading eleemosynary immunity pursuant to the Maryland statute, which is now Code (1957), Article 48A, Section 85. The defendants demurred to the second amended declaration on the ground that it constituted a new or a different cause of action and was hence barred by the death statute because it was not brought within eighteen months after the death. The trial court sustained the demurrer and gave judgment for costs in favor of the defendant. We reversed, holding that the amended declaration was only a different statement of the cause of action and did not constitute a new or different cause of action. In delivering the opinion of the Court, Judge Henderson said: "In the instant case the theory of the action has always been and still is based upon negligence under the death statute, and the only change is in the allegation which, in effect, anticipates a defense raised by the pleas of immunity to the first amended declaration. Ordinarily, a pleader is not required to anticipate a defense. 1 Poe, *Pleading & Practice* (*Tiffany's ed.*), Sec. 555. If we assume, without deciding, that the former declaration was open to demurrer for failure to negative the defense, it does not follow that the amendment changed the cause of action."

In *Brooks v. Childress,* 198 Md. 1, an action based on negligence under the death statute, the declaration alleged that a defendant was liable for the negligence of his minor son, because the son was the father's agent. We held that the trial court should have permitted an amendment asserting imputed negligence in that the defendant had signed an application for his son's driver's license, which would have created a liability under the alleged facts under the Motor Vehicle Laws. We decided that this amendment did not set up a new cause of action, saying, at page 15: "The declaration before the Court was one predicated upon the father's responsibility for the negligence of his son, while driving with the 'permission of his father'. In the amendment sought the

allegation was again negligence of the father imputed to him with his consent in signing his son's application for a driver's license." In *Zier v. Chesapeake Ry. Co.,* 98 Md. 35, in which the original declaration had alleged that death was due to negligence on the part of fellow-servants, this Court held that an amendment to the effect that the death was due to the negligence of the defendant in failing to exercise due care in the selection of the fellow-servants by whom the injury was inflicted, did not set up a new cause of action. Chief Judge McSherry, in delivering the opinion of the Court, said, at pages 42-43: "But the suit to recover for the defendant's negligence was precisely the same after the amendment had been made that it was antecedently. The *statement* of the cause of action was different but the *cause of action* itself was identical. Injury resulting in death is what occasioned the suit. The imperfect statement of the case did not cause the correct statement of it to be a different cause of action."

The appellee relies strongly upon *Cline v. Fountain, etc., Company, supra.* In that case, the original declaration relied upon an oral lease agreement, and the amended declaration relied upon an alleged oral joint adventure agreement. We held that the amendment set up a new cause of action. In delivering the opinion of the Court, Chief Judge Brune pointed out that while the subject of determining what constitutes a new cause of action "* * * is approached today with less rigor than formerly * * * [i]n our opinion, a lease of real estate, plant and equipment is a very different contract from a joint adventure agreement." 214 Md. at pages 261 and 265.

In the *Cline* case, the causes of action set up in the declaration and in the amended declaration were essentially different; as the Court pointed out, it could not be said that the evidence which would support the one would support the other or that a judgment in favor of Cline on one would preclude his suit on the other. See Comment in 18 Md. L. Rev. 161. In the present case, however, the alternative causes of action set up in the two counts of the original declaration and in the third amended declaration are essentially the same. Evidence of the negligence of Johnson, the driver of the truck,

would have supported the first count in its original or its amended form, and evidence that the truck was defective and that the appellee's decedent knew or should have known of the defect would have supported the second count and all its variations.

The supplementary allegation made in the amendment to the first count after the running of the three year period, that the infant appellant was a guest passenger, in our opinion, was a less important addition than the additional allegation made in *Zier v. Chesapeake Ry. Co., supra,* that the negligence of the defendant consisted in its failure to use proper care in selecting the fellow-servants by whose carelessness the death of Zier was caused. In the *Zier* case, the nature of the defendant's negligence was not properly stated within the statutory period, but we held that this did not prevent the suit from being a pending one wherein the gravamen was the negligence of the defendant. In the case before us, the gravamen of the first count has always been the negligence of Johnson, the agent of the appellee's decedent, in the operation of the truck. The supplementary allegations as to the status of the infant appellant, made in the alternative in the two counts, were only allegations of additional, not inconsistent, facts. In *Brooks v. Childress, supra,* the allegation of the status of the infant driver was changed, after the statutory period, from that of a permissive agent, for whose negligence the father was liable under the common law, to that of a minor for whose driving license the father had signed an application and thereby became liable for his son's negligence under a statutory imputation.

The fact, in the present case, that there was no allegation of gross negligence in the second count until after the statutory period is of even less importance. Under the decisions referred to above, it cannot be successfully maintained that a cause of action is changed because its original statement did not contain a qualitative adjective.

It has been said that the primary consideration underlying statutes of limitations is one of fairness to the defendant; that he ought not to be called on to resist a claim when "evidence has been lost, memories have faded, and witnesses have

disappeared." *Telegraphers v. Railway Express Agency, Inc.,* 321 U. S. 342, 349. See *Developments in the Law, Statutes of Limitations,* 63 Harv. L. Rev. 1177, 1185 (1950). As the Maryland cases make clear, the purpose of the statute does not extend to those situations where, in the words of Justice Holmes, "* * * a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, * * *." *New York Central R. R. v. Kinney,* 260 U. S. 340, 346.

We hold that the third amended declaration did not set up new causes of action but that each count thereof was a statement of the same cause of action contained in the original declaration, with an amendment to spell out in detail the basis of the alleged liability.

The appellee contends that, apart from the question of limitations, the appellee's demurrer to the replication is sufficient to mount up to the first error in the pleadings and to challenge the legal sufficiency of the appellant's third amendment declaration, to which the appellee also demurred. Whenever a demurrer is interposed to any pleading, the court will inspect the whole record and, mounting up to the first fault, will give judgment against the party committing the first material error. Poe, *Pleading,* Section 706 (1925); Rules 345 (d) and 887, Maryland Rules. However, in our opinion, each count of the third amended declaration sets forth a good cause of action and the demurrer thereto was properly overruled.

Both counts of that declaration were based, as to substance, upon the Virginia law. The Virginia statute above quoted provides that a guest passenger cannot recover against the owner or operator of the motor vehicle in which he was riding unless the injuries which he received were caused by or resulted from gross negligence or willful and wanton disregard of his safety. The amended first count alleges that the infant appellant was a guest passenger, and that Johnson, the agent of the appellee's decedent, operated the truck in a grossly negligent manner with willful and wanton disregard of the safety of the person of the infant appellant. While matters of substantive law are to be decided by the law of Virginia, matters of pleading, including the form thereof, are to be de-

termined by the law of Maryland. *Restatement, Conflict of Laws,* Sec. 592 (1934). In this State, if there are certain and definite allegations of the circumstances, no great particularization of the facts is necessary in stating a cause of action for negligence. See *Livingston v. Stewart & Co.,* 194 Md. 155, 159. Both amended counts, as amplified by the bill of particulars, contained sufficient allegations of fact with respect to the alleged negligence to be sufficient on demurrer.

As to the amended second count, under the Virginia decisions, if the infant appellant was a casual employee of the appellee's decedent, the owner of the truck, and if the accident was caused by a defective condition of the truck which its owner knew or should have known, there can be a recovery despite the fellow-servant doctrine, there being an unassignable duty upon the master to exercise ordinary care to furnish a reasonably safe place in which his employees are to work. *Aronovitch v. Ayres,* 169 Va. 308, 193 S. E. 524. In *LeSueur v. Ayres, supra,* the Virginia Supreme Court of Appeals, in holding that the fellow-servant doctrine barred recovery of an employee riding in a truck of the defendant driven by another employee of the defendant, pointed out that there was no attempt to show that the truck was not in good order. The appellant's amended second count, based on the alternate theory that the infant appellant was a casual employee, sufficiently stated a cause of action under the Virginia law. Whether the truck was in a defective condition at the time of the accident, whether that condition was known to or should have been known by the appellee's decedent, whether the alleged defect was a proximate cause of the accident, and any defenses available under the Virginia law are issues to be determined at the trial.

The trial court, therefore, was correct in overruling the appellee's demurrer to the third amended declaration, but, for the reasons stated, erred in sustaining the demurrer to the replication on which judgment was given.

> *Judgment reversed and case remanded for further proceedings, costs of this appeal to be paid by the appellee.*