**QUALITY INNS INTERNATIONAL, INC., Plaintiff,**

v.

**TAMPA MOTEL ASSOCIATES, LTD., et al., Defendants.**

**No. 90–1130–CIV–T–17–B.**

United States District Court, M.D. Florida, Tampa Division.

July 15, 1994.

---

Lynn H. Cole, Allen, Dell, Frank & Trinkle, Tampa, FL, Richard M. Kremen, and Harry M. Rifkin, Semmes, Bowen & Semmes, Baltimore, MD, for Quality Inns Intern.

Thomas Kevin Morrison, Tracey K. Jaensch, Morrison, Morrison & Mills, P.A., Tampa, FL, Jack M. Rosenkranz, Law Office of Jack M. Rosenkranz, Tampa, FL, for Tampa Motel Associates, Ltd. and Ameritrust Properties, Inc.

William Preston Gregory, William P. Gregory, P.A., and Francis R. Lakel, Tampa, FL, for Dale Mabry Properties, Ltd. and Robert Cox.

Francis R. Lakel, Tampa, FL, for Ray T. Soltesz.

## ORDER ON MOTIONS TO STRIKE AND FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

THIS CAUSE is before the Court on Quality Inns International, Inc. ("Quality Inns"), Plaintiff's, Motion to Reconsider Denial of Quality Inns International, Inc. Motion for Partial Summary Judgment (Docket No. 128), response thereto (Docket No. 129), and Quality Inns' Motion to Strike Response to Motion and Memorandum to Reconsider Denial of Quality Inns International, Inc. Motion for Partial Summary Judgment (Docket No. 130).

### PROCEDURAL BACKGROUND

Tampa Motel Associates, Ltd., a Florida limited partnership, and its general partner, Ameritrust Properties, Inc. ("Ameritrust") were the only defendants named in the original complaint filed January 29, 1989. (Civil Case No. PN–89–224). Leave to file an amended complaint was granted by the United States District Court for the District of Maryland. The amended complaint filed May 7, 1990, added Dale Mabry, Robert Cox, and Ray T. Soltesz ("Soltesz"). Tampa Motel Group collectively refers to all the defendant parties listed above. Jurisdiction in this case is based on diversity of citizenship, 28 U.S.C. § 1332 (1988). Quality Inns is a Delaware corporation with its principal place of business in Maryland. Quality Inns is a large franchisor of hotels and motels located throughout the world. Tampa Motel Group are Florida citizens with their respective principal places of business in Florida. The amount prayed for in the original complaint totalled $141,641.84 excluding interest and costs.

These newly added defendants moved to transfer this case pursuant to 28 U.S.C. § 1404(a) (1988) for the convenience of the witnesses. *Roby v. General Tire & Rubber Co.,* 500 F.Supp. 480, 486 (D.Md.1980). This case was transferred from the Maryland District Court to this Court on September 12, 1990.

This Court entered a final default judgment in favor of Quality Inns against Soltesz on March 3, 1993. (Docket No. 73). The judgment was modified on April 7, 1993, and provided that Quality Inns recover from Soltesz: (1) the principal sum of $141,641.84; (2) prejudgment interest in the amount of $79,893.49 through March 22, 1993, plus $69.95 per diem until final judgment is entered; (3) costs in the amount of $2,402.15; (4) attorney fees in the amount of $43,225.50; and (5) post-judgment interest at the rate of 3.67% pursuant to Title 28 U.S.C. § 1961 (1988). (Docket No. 82).

On March 29, 1994, this Court entered an order (Docket No. 127): (1) denying Dale Mabry/Cox Motion for Final Summary Judgment (Docket No. 104); (2) denying Dale Mabry/Cox Motion for Summary Judgment (Docket No. 105); (3) denying Quality Inns' Motion for Partial Summary Judgment against Tampa Motel/Ameritrust (Docket No. 106); (4) denying Quality Inns' Motion for Partial Summary Judgment against Dale Mabry/Cox (Docket No. 107); and (5) denying Dale Mabry/Cox Motion to Strike Plaintiff's Response to Defendants Motion for Summary Final Judgment (Docket No. 114).

## FACTS

In December 1984, Tampa Motel entered into a franchise agreement ("FA") with Quality Inns to operate a motel in Tampa, Florida. The agreement provided, *inter alia:* 1) Tampa Motel would convey the motel subject to the express condition that its successor-in-interest agree in writing to assume Tampa Motel's obligations to Quality Inns for the remainder of the franchise term (FA § 8(a)); 2) that Quality Inns retained the right to approve any such transfers by written consent only and that Tampa Motel's payment of all monies owed to Quality Inns was a condition precedent to such consent by Quality Inns (FA § 8(b)); and 3) that Tampa Motel would inform and seek approval from Quality Inns if Tampa Motel disposed of a significant percentage of its assets (FA § 8(g)).

Tampa Motel and Quality Inns also executed further agreements whereby Tampa Motel leased a motel sign and computer terminal from Quality Inns. Tampa Motel began operating the motel as a Quality Inns franchise in February 1985.

In April 1986, Cox and Soltesz executed a limited partnership agreement ("LPA") and created Dale Mabry. Under the LPA, Tampa Motel transferred its property and interest to Dale Mabry. This transfer expressly included rights under the FA with Quality Inns. Tampa Motel agreed to be "current" and "paid up" with its leases, permits, and franchises "other than the Quality Inns license." (LPA § 5.1, p. 8). Cox and Soltesz promised to make loans to Tampa Motel to satisfy the debts, but reserved the option, on their sole election, to assume personal responsibility for paying Tampa Motel's debts. (LPA § 5.1, p. 9).

Cox wrote to Everett Casey, Quality Inns' Assistant General Counsel, on April 26, 1986, requesting information about terminating the Quality Inns franchise. In that letter, Cox also stated: "As mortgagee for this motel I have been placed in the unenviable position of assuming control of this property as an alternative to foreclosure." Cox and Casey attempted to settle the claims of Quality Inns against Tampa Motel and Dale Mabry. On May 21, 1986, Cox again wrote Casey stating: "I have agreed to assume the [Quality Inns] property ownership in lieu of foreclosure." The letter also confirmed an agreement for the payment of $24,000.00 "as a final settlement against payables due your firm by [Tampa Motel]."

The franchise was terminated by agreement in June 1986. On June 23, 1986, Casey wrote Cox to confirm the settlement conversations. Casey's letter proposed: 1) $24,500.00 in settlement of charges accruing prior to April 1, 1986 and 2) $17,503.00 in settlement of amounts due for the use of the name and services of Quality Inns after April 1 (half of April and May billings). Casey de-

manded that Cox pay the total amount of $42,003.00 within ten days and promptly discontinue using the Quality Inns name and logo. The settlement amount was never paid.

On September 30, 1986, Cox again wrote Casey. Cox cited an outstanding Tampa Motel receivable as the reason for the delay in paying the settlement amount. Cox requested that Casey send him written confirmation of the agreement and restated his intention to make the payment. On October 3, 1986, Casey sent a copy of the June 23 letter and again requested payment. No payment was made. On April 23, 1987, Casey demanded a final payment of $42,003.00 and threatened suit if payment was not made within ten days.

Although no payment was made, this suit was not filed until January 25, 1989. The complaint was amended on May 7, 1990, and alleges, *inter alia:* 1) that Dale Mabry assumed responsibility for Tampa Motel's existing debt to Quality Inns and 2) that Dale Mabry owes Quality Inns payments due for franchise services rendered between the time Dale Mabry took possession of the franchise and termination of the franchise. The amended complaint seeks judgment against Dale Mabry for $141,641.84, the same amount originally claimed from Tampa Motel and Ameritrust.

On March 14, 1990, Quality Inns attempted to serve Soltesz, Cox, and Dale Mabry by certified mail, restricted delivery, return receipt requested. Soltesz was personally served. Mail service to Dale Mabry and Cox was addressed to Cox's business office, and the return receipts were signed by "D. Ward." Although plaintiff asserts that D. Ward is an authorized agent for Dale Mabry and Cox, Cox submitted an affidavit denying D. Ward is an authorized agent. This Court denied both Dale Mabry and Cox's Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(5) on February 6, 1991.

### CONFLICTS OF LAW

In diversity of citizenship cases, federal courts follow the conflicts of law rule existing in the forum state. *Klaxon Co. v. Stentor Electric Manufacturing Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941). In an action transferred pursuant to 28 U.S.C. § 1404, the forum state is the state where the action was originally filed. *Van Dusen v. Barrack,* 376 U.S. 612, 639, 84 S.Ct. 805, 820–21, 11 L.Ed.2d 945 (1964). Under the Maryland conflicts of law rule, questions of substantive law are to be decided according to the law of the state where the cause of action accrued, but procedural matters are governed by Maryland law. *Doughty v. Prettyman,* 219 Md. 83, 148 A.2d 438, 440 (1959).

### MOTION TO STRIKE RESPONSE

This Court will first address Quality Inns' Motion to Strike Tampa Motel's Response to Quality Inns' Motion to Reconsider Denial of Quality Inns' Motion for Partial Summary Judgment. (Docket No. 130). Motions to strike are generally viewed with disfavor and are infrequently granted. *Tingley Systems, Inc. v. Bay State HMO Management, Inc.,* 833 F.Supp. 882, 884 (M.D.Fla.1993); *FDIC v. Niblo,* 821 F.Supp. 441, 449 (N.D.Tex. 1993). The determination of whether a motion to strike should be granted is within the trial court's discretion. Therefore, because the issues raised in Quality Inns' Motion to Strike Tampa Motel's Response (Docket No. 130) are better addressed in considering Quality Inns' Motion to Reconsider Denial of Quality Inns Motion for Partial Summary Judgment (Docket No. 128), this Court **DENIES** Quality Inns' Motion to Strike Response and will subsequently consider those issues in the Court's consideration of Quality Inns' Motion to Reconsider.

### STANDARD OF REVIEW

In deciding whether summary judgment is appropriate the court must satisfy Fed. R.Civ.P. 56(c). Therefore, pursuant to the rule, summary judgment is proper only if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the en-

try of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

The moving party bears the burden of proving that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). In determining whether the moving party has satisfied the burden, the court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513–14; see *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88, 106 S.Ct. 1348, 1358–57, 89 L.Ed.2d 538 (1986).

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986):

> In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322 [106 S.Ct. at 2552].

Recently, in *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir.1993), citing *Celotex*, 477 U.S. at 332, 106 S.Ct. at 2557 (Brennan, J., dissenting), the Eleventh Circuit discussed the framework for shifting burdens. Discussing the burden of proof for issues on which the non-movant would bear the burden of proof of trial, the court held:

> [T]he means of rebuttal available to the non-movant vary depending on whether the movant put on evidence affirmatively negating the material fact or instead demonstrated an absence of evidence on the issue. Where the movant did the former, then the non-movant must respond with evidence sufficient to withstand a directed verdict motion at trial on the material fact sought be to negated. Where the movant did the latter, the non-movant must respond in one of two ways. First, he or she

may show that the record in fact contains supporting evidence, sufficient to withstand a directed verdict motion, which was "overlooked or ignored" by the moving party, who has thus failed to meet the initial burden of showing an absence of evidence.

The *Fitzpatrick* holding is in accord with Fed.R.Civ.P. 56(e) stating:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegation or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

### MOTION TO RECONSIDER

■ In asking the Court to reconsider the Quality Inns' initial Motion for Partial Summary Judgment, Plaintiff aptly argues that the Defendant, Tampa Motel had failed to file a response, leaving a complete absence of evidence to support Tampa Motel and Ameritrust's affirmative defenses. In Tampa Motel's Response to Quality Inns' Motion for Reconsideration, it clearly admits that it failed to respond, stating that it "intended to tacitly adopt the factual statements already contained with the court file." (p. 1–2). Tampa Motel continues by attempting to direct the Court's attention to numerous items that they believe support their affirmative defense of novation. However, these arguments should have been raised in a timely response to Quality Inns' initial Motion for Partial Summary Judgment. For that reason, their actions prove fatal.

Tampa Motel, having the burden of proof on the affirmative defenses was required under *Fitzpatrick*, 2 F.3d at 116, as the non-moving party to "respond with evidence sufficient to withstand a directed verdict motion at trial on the material fact sought be to negated." Also, under Rule 56(e) the adverse party must respond to a motion for

summary judgment that has been supported as required by the rule. "[T]he adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Rule 56(e). As admitted, Tampa Motel never filed a response and, therefore, failed to meet its burden.

■ Additionally, Tampa Motel failed to meet the requirements of Local Rule 3.01(b) of the United States District Court for the Middle District of Florida. Rule 3.01(b) provides:

> Each party opposing any written motion or other application shall file and serve, within ten (10) days after being served with such application, a brief of legal memorandum with citation of authorities in opposition to the relief requested. *No other briefs or legal memoranda directed to any such written motion shall be filed or served by any party unless requested by the court.*

Again, Tampa Motel's admitted failure to respond violates Rule 3.01(b) and they should not be permitted to support their affirmative defense of novation in a Response to Plaintiff's Motion for Reconsideration where those arguments should have been made earlier and where Tampa Motel clearly had opportunity to make those arguments, but chose not to do so. By failing to respond, Tampa Motel waived its right to controvert the facts.

### CONCLUSION

In the present case, applying the relevant standards and law, Defendant's have failed to meet the burden of Fed.R.Civ.P. 56(e). Accordingly, it is

**ORDERED** that Plaintiff's Motion to Reconsider Denial (Docket No. 128) be **granted;** and Plaintiff's Motion to Strike Response (Docket No. 130) be **denied;** and the Clerk of the Court shall enter final judgment in favor of Quality Inns International, Inc. and against Tampa Motel Associates, Ltd., et al.

**DONE** and **ORDERED.**